UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **NAPUS FEDERAL CREDIT UNION,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10CV1403MLM |
| ) | |
| **DAVE CAMPBELL,** ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Before the court is the Motion to Remand and for Attorneys' Fees filed by Plaintiff Napus Federal Credit Union ("Napus"). Doc. 17. Plaintiff Dave Campbell ("Dave Campbell") has filed a Response. Doc. 19. Also before the court is Dave Campbell's Motion for Leave to File First Amended Petition for Removal. Doc. 20. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 15.

### BACKGROUND

On September 29, 2009, Napus filed a one-count State claim for breach of contract regarding the alleged non-payment of a loan, Cause No. 09CF-CC00095. Doc. 18-3. Dave Campbell was named as the Defendant in Cause No. 09CF-CC00095. On November 2, 2009, Dave Campbell filed counterclaims against Napus. These counterclaims included a claim made pursuant to the Fair Debt Collection Practices Act. Doc. 18- 5. On January 6, 2010, the Circuit Court of Crawford County transferred venue of Cause No. 09CF-CC00095 to the Circuit Court of Reynolds County, Missouri. Doc. 18-1. On February 4, 2010, the State court granted Napus leave to file a First Amended Complaint, in which Napus stated three State law claims, including Count I, Breach of Contract, Count II, Money Had and Received, and Count III, Unjust Enrichment. Doc. 18-4. On April 16,

2010, the State court dismissed all of Dave Campbell's original counterclaims and granted him 30 days to amend his counterclaims. Doc. 18-2. On May 14, 2010, Dave Campbell filed amended counterclaims, which included alleged violations of the Fair Debt Collections Practices Act.[1] Doc. 18-2, 18-6 at 30-31.

On June 1, 2010, Dave and Dawn Campbell filed a separate lawsuit in this court, Case No. 4:10CV1006MLM. In Case No. 4:10CV1006MLM Dave and Dawn Campbell raise many of the same claims which they alleged as amended counterclaims in Cause No. 09CF-CC00095.

On June 24, 2010, Dave Campbell, after answering some questions, refused to continue answering questions in a deposition which was being taken in Cause No. 09CF-CC00095. Doc. 18-7 at 175-77.[2] On July 6, 2010, Napus filed a Motion for Sanctions in Cause No. 09CF-CC00095 based on Dave Campbell's conduct during his deposition. Doc. 18-8. On this same date, Dave Campbell and Dawn Campbell filed, in Case No. 4:10CV1006MLM, a notice of removal of Cause No. 09CF-CC00095. By Order, dated July 27, 2010, this court ordered that, if the Campbells chose to do so, they should file the removal of Cause No. 09CF-CC00095 as a new case in the Eastern District of Missouri.

---

[1] Dave Campbell's counterclaims also included claims, based on defamation, Napus's filing a tortious lawsuit, "breach of peace," "public disclosure of private facts," "intrusion upon seclusion," intentional infliction of emotional distress, "false light invasion of privacy," "misrepresentation/fraud & collusion," and civil conspiracy. Dave Campbell also named thirteen additional parties as counter-defendants. Dave Campbell asserted as affirmative defenses protection under the "TILA Act," the "Rule of Recission," and "Protection from the Fair Debt Collection Practices Act." Doc. 18-6.

[2] Napus contends that Dave Campbell walked out of his deposition. The transcript of the deposition reflects that Dave Campbell refused to answer questions pertaining to Napus's Complaint and/or Dave Campbell's pleadings. Doc. 18-7 at 4. Upon Dave Campbell's doing so, the deposition was terminated.

On August 4, 2010, Dave Campbell removed Cause No. 09CF-CC00095 to the Federal District Court for the Eastern District of Missouri. Cause No. 09CF-CC00095 is docketed in the Eastern District of Missouri as Case No. 4:10CV1403, the matter under consideration. In the Notice of Removal Dave Campbell contends that removal is appropriate because this matter "arises from "'Truth in Lending' claims pursuant to 1441(a)," because this "case involves civil rights violations," and because this case involves the "Fair Debt Collection Practices Act, pursuant to 1441(b)." Doc. 1 at 1. In his Memorandum in Support of the Notice of Removal Dave Campbell also contends that removal "was necessary to avoid conflicting verdicts." Doc. 2 at 3. Napus has moved to remand Case No. 4:10CV1403 to State court, among other reasons, because this court does not have subject matter jurisdiction and because removal is untimely. Doc. 17. Dave Campbell has filed a Motion to File First Amended Petition for Removal in which he seeks to amend his Notice of Removal to include removal based on diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a).

## LEGAL FRAMEWORK and DISCUSSION

28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions when a matter in controversy...is between (1) citizens of different states" when the amount in controversy exceeds $75,000. The party seeking the federal forum has the burden of pleading diversity of citizenship of the parties, Walker v. Norwest Corp., 108 F.3d 158, 161 (8th Cir. 1997), and the burden of establishing diversity jurisdiction by a preponderance of the evidence. Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992); Yeldell v. Tutt, 913 F.2d 533, 537 (8th Cir. 1990); Russell v. New Amsterdam Cas. Co., 325 F.2d 996, 997 (8th Cir. 1964).

28 U.S.C. § 1441 sets forth the grounds for removal from state court to federal court. Section 1441(a) provides, in pertinent part, that "any civil action brought in State court of which [federal district courts] have original jurisdiction, may be removed by the defendant" to federal district court. 28 U.S.C. § 1446(b) provides, in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed *within thirty days* after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1447(c) provides, in pertinent part, that: "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."

"[T]he party seeking removal has the burden to establish federal subject matter jurisdiction, Green v. Ameritrade, Inc., 279 F.3d 590, 596 (8th Cir. 2002); all doubts about federal jurisdiction must be resolved in favor of remand, Dahl v. R.J. Reynolds Tobacco Co., 478 F.3d 965, 968 (8th Cir.2007)." Central Iowa Power Co-op v. Midwest Indept. Transmission, 561 F.3d 904, 912 (8th Cir. 2009). Whether a federal court has federal-question jurisdiction is governed by the "'well-pleaded complaint rule,' which provides that the federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Central Iowa Power, 561 F.3d at 912 (internal citation omitted). "[F]ederal court jurisdiction must affirmatively appear clearly and distinctly. The mere suggestion of a federal question is not sufficient to establish the jurisdiction of

federal courts. Bilal v. Kaplan, 904 F.2d 14, 15 (8th Cir. 1990) (citing Koll v. Wayzata State Bank, 397 F.2d 124, 127 (8th Cir.1968)). As explained by the court in Central Iowa Power, 561 F.3d at 912:

> Because this well-pleaded complaint rule "makes the plaintiff the master of the claim[, the plaintiff] may avoid federal jurisdiction by exclusive reliance on state law." Id. Defendants are "not permitted to inject a federal question into an otherwise state-law claim and thereby transform the action into one arising under federal law." Gore, 210 F.3d at 948.

Indeed, counterclaims, even if made under federal law, do not support removal based on federal subject matter jurisdiction. Holmes Group v. Vornado Airculation, 535 U.S. 826, 830-32 (2002). As stated by the Court in Holmes Group:

> [A] counterclaim-which appears as part of the defendant's answer, not as part of the plaintiff's complaint-cannot serve as the basis for "arising under" jurisdiction. See, e.g., In re Adams, 809 F.2d 1187, 1188, n. 1 (C.A.5 1987); FDIC v. Elefant, 790 F.2d 661, 667 (C.A.7 1986); Takeda v. Northwestern National Life Ins. Co., 765 F.2d 815, 822 (C.A.9 1985); 14B C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3722, pp. 402-414 (3d ed.1998).
>
> Allowing a counterclaim to establish "arising under" jurisdiction would also contravene the longstanding policies underlying our precedents. First, since the plaintiff is "the master of the complaint," the well-pleaded-complaint rule enables him, "by eschewing claims based on federal law, ... to have the cause heard in state court." Caterpillar Inc., supra, at 398-399, 107 S.Ct. 2425. The rule proposed by respondent, in contrast, would leave acceptance or rejection of a state forum to the master of the counterclaim. It would allow a defendant to remove a case brought in state court under state law, thereby defeating a plaintiff's choice of forum, simply by raising a federal counterclaim. Second, conferring this power upon the defendant would radically expand the class of removable cases, contrary to the "[d]ue regard for the rightful independence of state governments" that our cases addressing removal require. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941) (internal quotation marks omitted). And finally, allowing responsive pleadings by the defendant to establish "arising under" jurisdiction would undermine the clarity and ease of administration of the well-pleaded-complaint doctrine, which serves as a "quick rule of thumb" for resolving jurisdictional conflicts. See Franchise Tax Bd., supra, at 11, 103 S.Ct. 2841.

535 U.S. at 831-32. See also 14A Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d §3722, pp. 255-260 (1985). ("[F]or both removal and original jurisdiction, the federal

5

question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system. It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim.").

To the extent that Dave Campbell's affirmative defenses and/or counterclaims are based on or allege violations of federal truth in lending laws, civil rights statutes, and/or the Fair Debt Collections Practices Act, as discussed above, it is well established that federal subject matter jurisdiction cannot be based on defenses or counterclaims. See Holmes, 535 U.S. at 830-32. To the extent Dave Campbell contends this court has jurisdiction because Napus's claims involve federal truth in lending statutes, civil rights claims, and/or the Fair Debt Collection Practices Act, Napus's Complaint makes no mention and does not implicate such statutes. Napus unequivocally does not seek to recover from Dave Campbell based on any federal law. Rather, it alleges only State causes of action based on a contract and common law claims for money had and received and unjust enrichment. Doc. 18-3, 18-4. Applying the "well-pleaded complaint rule," this court clearly does not have subject matter jurisdiction over Napus's cause of action, which unambiguously seeks to recover under State law. See Central Iowa Power, 561 F.3d at 912. To the extent that Dave Campbell argues that removal will avoid "conflicting verdicts," there is no authority for such a theory. As such, the court finds that it does not have federal subject matter jurisdiction based on any of the theories asserted by Dave Campbell.

To the extent that Dave Campbell contends that removal is proper based on diversity jurisdiction, the amount in controversy does not exceed $75,000. First, Dave Campbell's counterclaims are not relevant to determining the amount in controversy. See Advance America Servicing of Arkansas v. McGinnis, 526 F.3d 1170, 1173 (8th Cir. 2008) ("In our circuit the amount in controversy is determined by the value to the plaintiff of the right sought to be enforced.").

Second, all three Counts of Napus Complaint are brought pursuant to an Agreement between Napus and Dave Campbell whereby Napus allegedly loaned Dave Campbell $16,786.41. In each of the three Counts of Napus's Complaint, Napus seeks to recover this amount, plus interest, based on theories of Contract, Money Had and Received, and Unjust Enrichment, respectively. Indeed, Napus alleges that it seeks to collect an amount in excess of $25,000. Nonetheless, the court finds, based on the allegations of Napus's Complaint, pursuant to a legal certainty standard, that the amount in controversy does not exceed $75,000. See Advance America Servicing of Arkansas v. McGinnis, 526 F.3d 1170, 1173 (8th Cir. 2008) ("A complaint will be dismissed for lack of subject matter jurisdiction if it appears to a legal certainty that the value of the claim is less than the required amount of $75,000."). Likewise, applying a preponderance of the evidence standard, the amount in controversy is not met as Dave Campbell has not shown that the amount in controversy amount is met. See id. ("The party invoking federal jurisdiction has the burden to prove the requisite amount by a preponderance of the evidence.").

Moreover, assuming, arguendo, that this matter was removed on July 6, 2010, removal is untimely, whether removal is based on diversity or federal question jurisdiction. In regard to diversity jurisdiction, Dave Campbell knew, or should have known, at the time this matter was originally filed in State court, on September 29, 2009, that Napus is located in Virginia; Napus's original Complaint alleges, in paragraph 2, that Napus's principal place of business is in the State of Virginia. Further, assuming, arguendo, that Dave Campbell's counterclaims could have been the basis for federal question jurisdiction, on November 2, 2009, Dave Campbell alleged a counterclaim, in State court, based on the Fair Debt Collection Practices Act. Napus Ex. E at 8-9. Thus, Dave Campbell had thirty days from no later than November 2, 2009, to remove this matter based on federal question jurisdiction; he is not entitled to invoke the provision of 28 U.S.C. § 1446(b) which provides for

7

removal up to 100 days when the basis for removal is unknown prior to that time. Under such circumstances, applying any possible method and/or theory of calculation, removal of this matter was untimely.

Napus asks that the court award it reasonable costs and attorneys' fees related to Dave Campbell's removal of this matter from State court to federal court. Such costs and fees are awarded only where the removing party lacks an "objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp, 546 U.S. 132, 140 (2005). In the matter under consideration, there was no objectively reasonable basis for seeking removal; the law which establishes that this court does not have jurisdiction is explicit and directly on point, and there is absolutely no legal basis for Dave Campbell's contention that removal would avoid "conflicting verdicts." The court acknowledges that Dave Campbell appears before this court pro se and that courts should liberally interpret pleadings of pro se litigants. See McNally v. Pulitzer Pub. Co., 532 F.2d 69, 73 n.3 (8th Cir. 1999) (holding that a liberal construction should be applied to a pro se complaint). Nonetheless, Dave Campbell's removal of this matter was spurious. As such, the court finds that Dave Campbell should be ordered to pay attorneys' fees and costs incurred by Napus as a result of his removal of this case.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Remand and For Attorneys' Fees filed by Napus is **GRANTED,** in its entirety; Doc. 17.

**IT IS FURTHER ORDERED** that Dave Campbell shall pay to Napus attorneys' fees and costs it incurred as a result of the removal of this matter;

**IT IS FURTHER ORDERED** that within seven days of the date of this Memorandum Opinion Napus shall file an accounting with the court; that, within seven days of Napus's filing an

accounting, Dave Campbell shall file a response, if he chooses to do so; and that, within seven days of Dave Campbell's filing a response, Napus shall file a reply, if it chooses to do so;

**IT IS FURTHER ORDERED** that the Clerk of this Court shall take all appropriate administrative action to remand this case to the Circuit Court of Reynolds County;[3]

**IT IS FURTHER ORDERED** that the Motion to File First Amended Petition for Removal filed by Dave Campbell is **DENIED**, as moot. Doc. 20

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 7th day of September, 2010.

---

[3] Dave Campbell filed a Motion for an Order Compelling Discovery and for Attorney Fees. Doc. 13. Because this matter is remanded to State court, this court need nor rule on this Motion.